**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| GIBAO EMMANUEL KANI-GOBA,<br>    Appellant, | DOCKET NUMBER<br>DC-0752-22-0397-I-2 |
| v. | |
| DEPARTMENT OF HEALTH AND<br>    HUMAN SERVICES,<br>    Agency. | DATE:  April 15, 2026 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Gibao Emmanuel Kani-Goba, Gaithersburg, Maryland, pro se.

Susan M. Andorfer and LerVal Marcelline Elva, Washington, D.C., for the
    agency.

### BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which
sustained the agency's chapter 75 removal action based on charges of
unacceptable performance and inappropriate conduct.  Generally, we grant
petitions such as this one only in the following circumstances:  the initial decision
contains erroneous findings of material fact; the initial decision is based on an

---

[1]  A nonprecedential order is one that the Board has determined does not add
significantly to the body of MSPB case law.  Parties may cite nonprecedential orders,
but such orders have no precedential value; the Board and administrative judges are not
required to follow or distinguish them in any future decisions.  In contrast, a
precedential decision issued as an Opinion and Order has been identified by the Board
as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to find that the agency established the requisite nexus, we AFFIRM the initial decision.

On petition for review, the appellant disagrees with the administrative judge's decision to sustain the agency's removal action. *Kani Goba v. Department of Health and Human Services*, MSPB Docket No. DC-0752-22-0397-I-2, Petition for Review (I-2 PFR) File, Tab 1. Specifically, he argues that the administrative judge made erroneous findings of facts, misapplied the law, and exhibited bias and abused her discretion in finding that the agency met its burden to prove its charges sustaining his removal. I-2 PFR File, Tab 1 at 4-17. We are not persuaded by his arguments. The administrative judge examined the witness' testimony and the record evidence and made reasoned credibility findings in sustaining the agency's charges. *Kani Goba v. Department of Health and Human Services*, MSPB Docket No. DC-0752-22-0397-I-2, Refiled Appeal File (RAF), Tab 30, Initial Decision (I-2 ID) at 2-5. Such testimony and evidence included the appellant's failure to contest that he made the errors underlying 11 of the 13 specifications of the unacceptable performance charge, as well as his admission to making a comment to the effect of chopping off someone's head, as alleged in the charge of inappropriate conduct. I-2 ID at 3, 5. The appellant's arguments on review constitute mere disagreement with the administrative

judge's well-reasoned findings and do not establish that she erred in sustaining the agency's charges. *Yang v. U.S. Postal Service*, 115 M.S.P.R. 112, ¶ 12 (2010) (finding that arguments that constitute mere disagreement with the initial decision do not provide a basis to grant the petition for review); *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002) (stating that the Board must defer to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on observing the demeanor of witnesses testifying at a hearing); *Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions). Accordingly, we discern no basis to disturb the administrative judge's finding that the agency proved its charges.

In addition to the requirement that the agency prove its charges, it also must prove that there is a nexus, i.e., a clear and direct relationship between the articulated grounds for an adverse action and either the appellant's ability to accomplish his duties satisfactorily or some other legitimate Government interest. *Chin v. Department of Defense*, 2022 MSPB 34, ¶ 22. The initial decision does not explicitly address the nexus requirement, and the parties have not raised it on review. Nonetheless, we modify the decision accordingly. We find that the agency met its nexus requirement because the appellant's misconduct took place at work. *See Parker v. U.S. Postal Service*, 819 F.2d 1113, 1116 (Fed. Cir. 1987) (finding sufficient nexus between an employee's conduct and the efficiency of the service when the conduct occurred in part at work). Additionally, his unacceptable performance negatively impacted management's confidence in the appellant's job performance and disrupted the agency's mission. *See Canada v. Department of Homeland Security*, 113 M.S.P.R. 509, ¶ 11 (2010) (explaining that an agency can establish a nexus by demonstrating that an employee's conduct has affected their job performance or that of coworkers, undermined management's trust in the employee, or interfered with the agency's mission).

Thus, any error by the administrative judge in addressing the issue was harmless. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (finding that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

In his petition for review, the appellant also alleges that the administrative judge abused her discretion and exhibited bias in "siding with the agency." I-2 PFR File, Tab 1 at 4-13. For example, he alleges that, in adjudicating his appeal, the administrative judge did not consider the "contentious relationship" between him and his supervisor. *Id.* at 4-5, 11, 16. There is no support for the appellant's argument that the administrative judge was biased against him or favored the agency. The Board has consistently held that, in making a claim of bias against an administrative judge, the appellant must overcome the presumption of honesty and integrity that accompanies all administrative adjudicators. *Washington v. Department of the Interior*, 81 M.S.P.R. 101, ¶ 7 (1999) (citing *In re King*, 1 M.S.P.R. 146, 151 (1979)). An administrative judge's conduct during the course of a Board proceeding warrants a new adjudication only if the administrative judge's comments or actions indicate a deep-seated favoritism or antagonism that would render fair judgment impossible. *Simpkins v. Office of Personnel Management*, 113 M.S.P.R. 411, ¶ 5 (2010) (quoting *Bieber v. Department of the Army*, 287 F.3d 1358, 1362-63 (Fed. Cir. 2002)). The appellant has not provided any evidence to support his bare allegations of bias, and so his claims do not meet this rigorous standard. The mere fact that an administrative judge ultimately ruled in favor of the agency does not establish bias. *Hayden v. U.S. Postal Service*, 15 M.S.P.R. 296, 300 (1983), *aff'd*, 758 F.2d 668 (Fed. Cir. 1984) (Table); *Weaver v. Department of the Navy*, 2 M.S.P.R. 129, 133 (1980).

Similarly, we find the appellant's argument that the administrative judge's failure to review a document with over 1700 pages evidenced bias and an abuse of discretion unavailing. I-2 PFR File, Tab 1 at 6. An administrative judge has

wide discretion to control the proceedings before her, and the Board will not infer bias based on an administrative judge's case-related rulings. *See Vaughn v. Department of the Treasury*, 119 M.S.P.R. 605, ¶ 18 (2013) (stating that the Board will not infer bias based on an administrative judge's case-related rulings); *King v. Department of the Army*, 84 M.S.P.R. 235, ¶ 6 (1999) (explaining that an administrative judge's case-related rulings, even if erroneous, are insufficient to establish bias warranting recusal and that claims of perceived adjudicatory errors do not provide a basis for recusal). Here, the administrative judge did not review the document because the appellant did not upload it to the case file as instructed. RAF, Tab 19 at 1, Tab 22 at 6-42. Instead, he submitted a collection of separate documents combined into one, with his added commentary. RAF, Tab 22 at 6-42. Consequently, the administrative judge concluded that it could not be verified and had little evidentiary value. RAF, Tab 24 at 2.

Accordingly, we affirm the initial decision.

## NOTICE OF APPEAL RIGHTS[2]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[3]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:        _____

*Gina K. Grippando*

Gina K. Grippando
Clerk of the Board

Washington, D.C.